RATLIFF, C.J., and STATON, J. concur.

**ST. JOSEPH BANK & TRUST COMPANY, as Trustee of the Laidig, Inc. Employees' Retirement Fund, Appellant (Plaintiff Below),**

v.

**MUTUAL OF NEW YORK LIFE INSURANCE COMPANY, Appellee (Defendant Below).**

**No. 71A03–8708–CV–231.**

Court of Appeals of Indiana, Third District.

Feb. 6, 1989.

**612** 

Michael C. Murphy, Kramer, Butler, Simeri, Konopa & Laderer, South Bend, for appellant.

William J. Reinke, Mark A. Garvin, Barnes & Thornburg, South Bend, for appellee.

STATON, Judge.

As the present "fiduciary" of the employee pension plan for the Laidig Company, St. Joseph Bank brought a breach of contract suit against the Mutual Insurance Company of New York (MONY) alleging that via the method of termination used, MONY breached a contract it entered with the Laidig Company. The court rescinded the exercise of the termination of the contract, finding that a meeting of the minds never occurred between the Laidig Company and MONY as to the "selection of an option for termination" (Record, p. 432); this appeal resulted. Although two issues are presented for our review, our disposition of Issue I makes it unnecessary for us to reach Issue II.

I. Whether the state court has jurisdiction over a claim alleging that an employee retirement plan funding contract was breached because the parties did not terminate the contract pursuant to its terms?

II. Whether the court erred by rescinding the termination transaction based upon an absence of a "meeting of the minds"?

Reversed.

*Facts*

The Laidig Company (Laidig) set up an employee retirement plan to take effect in 1976; the plan was funded by MONY pursuant to a contract between Laidig and MONY. This funding contract specified the method for amendment and contained three options for disbursing its funds upon termination.

In 1984, Laidig sought to terminate the funding contract between itself and MONY and to have the funds transferred to the St. Joseph Bank, the trustee of its new employee benefit plan. MONY and Laidig reached an agreement which would allow Laidig to receive its money in one lump sum payment, at a charge of $28,000.00 by MONY.

In April of 1985, as trustee of Laidig's new employee benefit pension plan, St. Joseph Bank filed a complaint against MONY alleging breach of contract. This complaint did not mention the Employee Retirement Income Security Act (ERISA)[1]; instead, the complaint alleged a breach of contract action, asserting that the parties did not terminate the contract pursuant to its terms. Over one year later, St. Joseph Bank decided that its claim should have alleged a breach of fiduciary duty under the provisions of ERISA. Since ERISA grants exclusive jurisdiction for ERISA claims to the Federal Courts, the complaint should have been filed in Federal Court. Accordingly, in October of 1986, St. Joseph Bank filed a motion to dismiss its own complaint, claiming that the trial court had

1. Employee Retirement Income Security Act of 1974, 29 U.S.C.S. §§ 1001 *et seq.* (Law Co-op 1982 & Supp.1988).

no subject matter jurisdiction. Additionally, in October of 1986, one and a half years after it filed a breach of contract claim in state court, St. Joseph Bank filed a claim alleging breach of fiduciary duty under ERISA in the U.S. District Court for the Northern District of Indiana.

In March of 1987, the trial court issued a judgment to the breach of contract claim filed in state court. According to this judgment, the court found that since a "meeting of the minds" never occurred as to the termination agreement between MONY and Laidig, the termination transaction should be rescinded.

## I.

### *Jurisdiction*

Laidig's Retirement Plan and the Laidig–MONY contract which funds the plan are within the scope of ERISA as outlined in sections 1002 and 1003. Another section of ERISA outlines the factors required to bring a civil suit under ERISA; this section also provides for exclusive federal jurisdiction.

§ 1132. Civil enforcement

(a) Persons empowered to bring a civil action. A civil action may be brought—

\* \* \* \* \* \*

(3) by a participant, beneficiary, or fiduciary (A) *to enjoin any act* or practice *which violates* any provision of this title or *the terms of the plan,* or (B) *to obtain* other *appropriate equitable relief* (i) to redress such violations or (ii) *to enforce* any provisions of this title or *the terms of the plan;*

\* \* \* \* \* \*

(e) Jurisdiction. (1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *exclusive jurisdiction of civil actions* under this title *brought by* the Secretary or by *a* participant, beneficiary, or *fiduciary* .... (Emphases added.)

29 U.S.C.S. § 1132(a) and (e). Thus, while subsection (e) provides for exclusive federal jurisdiction, subsection (a) defines the factors required to bring a civil action under the terms of ERISA.

In its complaint filed in state court, St. Joseph Bank alleged that the parties breached the contract by not terminating the contract in accordance with the contract terms providing for termination. Thus, although the complaint stated a breach of contract action, St. Joseph Bank's complaint sought "to enjoin any act ... which violates ... the *terms* of the plan, or ... to obtain other appropriate equitable relief ... to enforce ... the *terms* of the plan." (Emphases added.) 29 U.S.C.S. § 1132(a)(3). Therefore, the complaint is within the scope of ERISA as defined in § 1132; the exclusive federal jurisdiction provision found in § 1132(e) indicates that the state court did not have jurisdiction over this action.

REVERSED.

GARRARD, P.J., and HOFFMAN, J., concur.